(130 So. 550)

HUGHES v. CARTWRIGHT.

8 Div. 184.

Supreme Court of Alabama.
Oct. 23, 1930.

Irby Scott, of Athens, and O. Kyle, of Decatur, for appellant.

Fred Wall and J. G. Rankin, both of Athens, for appellee.

## BOULDIN, J.

Mrs. M. A. Hughes sued R. N. Cartwright, Sr., in counts for deceit and counts for misrepresentation constituting legal fraud inducing plaintiff to take stock in the reorganized First National Bank of Athens in 1923. Suit was begun March 31, 1927.

One plea of defendant was the statute of limitations of one year.

Plaintiff, by special replication, set up nondiscovery of the fraud until the 2nd or 3rd day of April, 1926, when a newspaper of April 1, 1926, came to her hands carrying a statement showing the failing condition of the reorganized bank.

Plaintiff's testimony tended to support this special replication.

On cross-examination of plaintiff's witness J. N. Howard, it was shown that prior to April 1st, meetings of stockholders were held in which the affairs of the bank were discussed and plans worked out for taking over the affairs of said bank by the Farmers' & Merchants' Bank.

The witness was then asked if plaintiff attended these meetings, and receiving a negative answer, defendant, over objection of plaintiff, was permitted to ask the witness if plaintiff's husband attended these meetings. The substance of such testimony was that according to the recollection or impression of the witness, the husband attended two or three of such meetings prior to April 1, 1926.

There was no evidence that the husband was authorized or did in fact attend these meetings as agent for his wife. Her testimony disclaims any such agency.

█ Notice to a husband is not notice to a wife, in the absence of proof of agency as in other cases. 30 C. J. 625, § 177.

This rule was given application, and agency of the husband either shown as a fact, or made so by law at that time made the basis upon which notice of fraud to him was notice to the wife in Goodbar, White & Co. v. Daniel, 88 Ala. 583, 590, 7 So. 254, 16 Am. St. Rep. 76.

█ This rule is inconsistent with the notion that notice to the husband may be proven and used as a basis for an inference that he disclosed to his wife what he had learned. Whether a husband participating in meetings involving the solvency of a going bank, with the view of taking its affairs over by a neighbor bank, would consider it to his wife's interest to disclose to her the state of things in advance of a public announcement of completed plans, would be a mere matter of conjecture.

The admission of the testimony in question was error. The obvious purpose was to overcome the evidence of plaintiff of want of knowledge or notice of the fraud. Being the main, if not the sole, evidence for defendant on this issue, we are not prepared to hold its admission was without injury.

Appellee makes the point of no injury upon the ground that defendant was entitled to the affirmative charge for failure of proof of falsity of the alleged representations.

We need go into no discussion of the nature of the fraud alleged. The issues are similar to those considered in Cartwright v. Braly, 218 Ala. 49, 117 So. 477.

█ Plaintiff's evidence tending to carry the burden of proof which the law cast upon her to show the alleged representations were false is not very full. But it was sufficient to make a case for the jury on that and other allegations necessary to her recovery.

█ Moreover, the court erred in excluding evidence tending to show no losses from new business after reorganization. This was a circumstance tending to show the failure was due to insolvency when reorganized.

No detailed discussion of the evidence is deemed best.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.