164 So. 377

## METROPOLITAN LIFE INS. CO. v. JAMES.

8 Div. 626.

Supreme Court of Alabama.

Oct. 31, 1935.

Rehearing Denied Dec. 12, 1935.

Eyster & Eyster, of Decatur, and W. H. Mitchell, of Florence, for appellant.

Simpson & Simpson and L. A. May, all of Florence, for appellee.

. BROWN, Justice.

This is the third appeal by the insurer. The first appeal is reported in Metropolitan Life Ins. Co. v. James, 225 Ala. 561, 144 So. 33, where a general statement of the .case appears. The second appeal is reported, Id., 228 Ala. 383, 153 So. 759, wherein the averments of plea 17, held to be good in bar of plaintiff's right to recover, are fully stated. For the error committed by the trial court in sustaining the plaintiff's demurrers thereto, the judgment was reversed.

On the trial that followed the reversal, the defendant filed pleas 18 and 19, which, though the verbiage is not identical, are in substance the same as plea 17. The defense asserted by these pleas is that plaintiff, with intent to deceive, concealed from defendant facts known to plaintiff, which, in the circumstances, it was plaintiff's duty to disclose, and thereby fraudulently procured possession of the policy, while if he had disclosed such facts the policy would not have been delivered to him.

To these pleas the plaintiff, after general replication taking issue thereon, interposed three replications designated 1–a, 2–a, and 6–a, all in substance the same. The last mentioned states more fully the plaintiff's contention. It avers: "That the assured at the time of the delivery of said policy, as described in said pleas, was alive, and therefore if there was any fraud on the part of the plaintiff in suppressing any facts, the defendant was not injured thereby."

The defendant interposed a demurrer to said replications, taking the points, among others, that "said replication fails to allege that plaintiff was not guilty in participating in fraudulently obtaining said suit policy"; that "said replication fails to allege such facts as would be sufficient to justify plaintiff in failing to disclose to defendant the reports and rumors which said plaintiff heard and was in possession of at the time he procured the policy"; and that "said replication does not deny nor traverse the material allegation of said plea that at the time Jesse James paid the premium and obtained the policy that he had heard that Roosevelt James was drowned."

. The trial court overruled the demurrer, and this ruling raised the question of major importance on this appeal.

The contention of appellant is that the delivery of the policy was essential to the completion of the contract, and, taking the averments of the pleas as true, its delivery was superinduced by fraud practiced by the plaintiff; that the law will not permit him to profit by his wrongful act; therefore, though the replications confess the fraud set up in the pleas, they do not avoid its effect in law.

The appellee's contention, on the other hand, is: First, that the pleas are defective in failing to allege that the insured, Roosevelt James, was in fact dead at the time of the delivery; and, second, if said insured was in fact alive as alleged in said replications, no injury resulted from the alleged fraud, and fraud without injury cannot be made the basis of an action or ground of defense.

■■ It is well-settled that fraud without damage therefrom cannot be made the basis of an action at law. Oates v. Glover, 228 Ala. 656, 154 So. 786. Nevertheless fraud practiced by one who seeks affirmative relief at law or in equity may be made a ground of defense, though the adverse party suffers no injury or damage from such fraud. This, because the law will not permit one to profit by his own wrong. Hall v. Santangelo et al., 178 Ala. 447, 60 So. 168; 12 R.C.L. 396, § 145.

■ On the two former appeals it was here ruled that it was essential to the completion of the contract that the policy be delivered to the insured; that the plaintiff by his complaint assumed the burden **of** showing that the insured died after the

completion of the contract and while it was in force.

Said replications, therefore, set up nothing new, but merely restated the averments of the complaint more specifically, and while this much is permissible, "the matter more specifically stated, must, in legal effect, either traverse the plea, or confess and avoid it." Holczstein et al. v. Bessemer Trust & Savings Bank, 223 Ala. 271, 136 So. 409, 415; McNeill v. Atlantic Coast Line Ry. Co., 161 Ala. 319, 49 So. 797; Matthews v. Farrell, 140 Ala. 298, 37 So. 325.

The court erred in overruling the demurrer to said replications, and for this error the judgment must be reversed. Inasmuch as the issues will be different on another trial, we deem it unprofitable to treat the other questions argued.

Reversed and remanded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.