176 So. 813

## METROPOLITAN LIFE INS. CO. v. JAMES.

### 8 Div. 561.

Court of Appeals of Alabama.

June 29, 1937.

Rehearing Denied Oct. 5, 1937.

Eyster & Eyster, of Decatur, and W. H. Mitchell and George Bliss Jones, both of Florence, for appellant.

Simpson & Simpson and L. A. May, all of Florence, for appellee.

SAMFORD, Judge.

The suit in this case was originally brought on one count, declared on a life insurance policy. The complaint was afterwards amended by filing counts 2 and 3 and by striking out count 1. Each of them claimed of the defendant $1,000, due on a policy of life insurance on the life of Roosevelt James. Sufficient allegations were made of the death of the insured and of the ownership of the policy by the plaintiff.

As thus filed, the action was just a plain simple suit on an insurance policy, but, through four trials in the nisi prius court and four appeals, the pleadings have grown and broadened until in the present appeal the pleadings and the rulings on the same constitute 39 pages of a transcript embracing 124 pages of typewritten matter.

Former opinions and decisions in this case may be found in Metropolitan Life Ins. Co., Inc., v. James, 225 Ala. 561, 144 So. 33; Id., 228 Ala. 383, 153 So. 759; and Id., 231 Ala. 295, 164 So. 377.

The judgment entry in the present case embraces the rulings of the trial court on demurrers to counts 3 and 4; the rulings of the court on demurrers to pleas 3 to 19, both inclusive, and demurrers 7, 8, and 9 to pleas 17, 18, and 19; demurrers to replications 3 to 12, both inclusive, and demurrers to replications 1–A to 6–A, both inclusive.

To this point, the decisions of the Supreme Court, as above set out, settled all

of the questions presented; and it will not be necessary for us to go into or to discuss them, other than as may hereinafter appear.

On this trial the plaintiff files additional replications: 9–A, 10–A, 11–A, and 18–A to plea 17, and replications 12–A, 13–A, 14–A, and 18–A to plea 18, and replications 15–A, 16–A, 17–A, and 18–A to plea 19. Whereupon, the defendant files motions to strike portions of said replications, on various grounds, specifically set out as grounds of said motions. Among which will be found grounds raising the questions hereinafter decided.

After the motion of the defendant to strike the various parts of the replications was overruled, appropriate demurrers were filed to all these replications by the defendant.

In an opinion rendered by the younger Somerville, in which Simpson, Judge, concurred, we find the following expression: " 'If any pleading is unnecessarily prolix, irrelevant, or frivolous, or unnecessarily repeated, it may be stricken out.' The plea in question contains about 700 words, [some of the pleas in the instant case contain nearly 500 words,] and covers two typewritten pages of transcript paper. It embodies a great deal of irrelevant and useless matter, and sets out mere matters of evidence in extenso. Its material substance might well have been stated in less than one-fourth of the space used. It violates the fundamental maxims of pleading, and falls clearly within the ban of the statute. Its life was forfeit, and the judicial guillotine was justly applied." Cook & Laurie Contracting Co. v. Bell, 177 Ala. 618, 59 So. 273, 279.

■ The foregoing was written in commenting upon sections 9457 and 9458 of the Code of 1923, which at that time were sections 5321 and 5322 of the Code of 1907. The motion to strike might well have gone to the entire replications on the ground they were prolix, and certainly, ground 2, "The verbiage is surplusage," was sufficient to raise the question as to the portion of the replications moved to be stricken.

■■ The overruling of the motions to strike, and of the demurrers to the replications, forced the defendant to take issue upon the allegations of the replications which, not properly pleaded, presented false issues, to the prejudice of the defendant.

On the first appeal in this case, it was held that if the insured died before December 20 or prior to December 24, when the premium was paid to the agent of the defendant and the actual delivery of the insurance policy was had, there was no contract. The whole matter remaining in negotiation merely. Therefore, those pleas setting up a non est factum, if proven by the defendant, were a complete defense to the action; and plea 17, which sets up a fraud in the procurement of the delivery of the policy was also held to be a good plea in the second appeal, 228 Ala. 383, 153 So. 759. The pleas on these two questions present the whole crux of this case; and, as we see it, it is not necessary for us to go into and discuss all of the prolix verbiage of the various pleadings setting up these defenses and becoming the questions litigated between the parties, and which would have, and should have, been presented in accordance to sections 9457 and 9458 of the Code of 1923, which are designed to simplify issues rather than to multiply, broaden, befog, and becloud them.

With reference to the additional replications filed in the last trial, the language of Brown, Justice, in the third appeal in this case is very appropriate, and which we here quote as being applicable to the rulings here invoked: "Said replications, therefore, set up nothing new, but merely restated the averments of the complaint more specifically, and while this much is permissible, 'the matter more specifically stated, must, in legal effect, either traverse the plea, or confess and avoid it.' " 231 Ala. 295-297, 164 So. 377, 378.

As we see it, the issues in this case are plainly stated in the pleas of non est factum, and the pleas of fraud as illustrated by plea 17, to which plea the only answer is the general replication denying the allegations and placing upon the defendant the burden of reasonably satisfying the jury as to the correctness of these pleas.

As the cause now stands, and is presented to us, the trial has been had upon false issues, and for that reason the court committed reversible error in overruling the motion to strike the allegations of the replications above set out, and in overruling the demurrers to said replications.

It is earnestly insisted by the attorneys for defendant that the court should have given, at its request, the general affirmative charge, or failing in this, they should have granted a motion for a new trial on the

ground that the verdict was contrary to the law and the evidence.

In the second appeal in this case, 228 Ala. 383-392, 153 So. 759, 767, it is held that affirmative instructions requested by the defendant should have been refused. In that opinion it was stated: "In the decision on the first appeal, the court observed that 'the date of one (meaning disappearance) is presumably the date of the other (meaning that of his death).'" In that trial the evidence of the witness Vozier was lacking, and the statement of the witness Price to the time Vozier came to his store and the rumor of Roosevelt James' death by drowning discussed by them, was not indicated or expressed by the record on the first appeal. In addition to the foregoing, on the trial from which this appeal is taken two additional witnesses testified to a statement of facts which, if true, would tend to disprove the plea of fraud and the pleas of non est factum. The burden being upon the defendant to reasonably satisfy the jury of the truth of its pleas, the affirmative charge was properly refused.

Nor would we feel justified in saying that the testimony offered by the plaintiff was unworthy of credit.

For the reasons pointed out, the judgment is reversed and the cause is remanded.

Reversed and remanded.