191 So. 352

**METROPOLITAN LIFE INS. CO. v. JAMES.**

**8 Div. 968.**

Supreme Court of Alabama.

Oct. 5, 1939.

Chas. H. Eyster, of Decatur, and W. H. Mitchell and George Bliss Jones, both of Florence, for appellant.

R. T. Simpson, R. T. Simpson, Jr., and L. A. May, all of Florence, for appellee.

BOULDIN, Justice.

This is the fifth appeal in this cause.

For former decisions, three by this court, and one by the Court of Appeals; see: Metropolitan Life Ins. Co. v. James, 225 Ala. 561, 144 So. 33; Metropolitan Life Ins. Co. v. James, 228 Ala. 383, 153 So. 759; Metropolitan Life Ins. Co. v. James, 231 Ala. 295, 164 So. 377; Metropolitan Life Ins. Co. v. James, 27 Ala.App. 575, 176 So. 813.

Throughout the litigation a primary issue has been presented by pleas setting up a stipulation in the policy of life insurance sued upon to the effect that no liability should be incurred unless the initial premium was paid in full and the policy delivered during the lifetime of the insured;

with allegations that such premium was not paid, nor delivery made during the lifetime of the insured. This defense was presented by pleas of non est factum.

Roosevelt James, the insured, made application for the policy through the local agent of the insured in Florence naming his brother, Jesse James, this plaintiff, as beneficiary. The application of date December 4, 1930, was approved, and the policy, dated December 10, 1930, was issued at the home office, and forwarded to the local agent to be delivered upon full payment of the first quarterly premium.

The insured was working at Seven Mile Island, some miles below Florence. He made part payment of the premium when the application was made, and left money with plaintiff to pay the balance, and accept delivery of the policy when it came. Plaintiff did pay the balance and receive the policy from the local agent on the afternoon of December 24th, 1930.

Forty-one days later the body of the insured was found in the Tennessee River near Seven Mile Island. Thereupon proofs of death were made disclosing that he came to his death, so far as known or believed, by drowning on December 20th, the date he was last seen alive while crossing the Tennessee River near where the body was found.

On first appeal, 225 Ala. 561, 144 So. 33, this proof of death was set out, and we held the prima facie case made by such proof showing death before delivery of the policy was not rebutted by other evidence, and the defendant was due the affirmative charge.

In later trials some evidence was produced tending to show the insured was seen alive in and near Florence on December 24th, or on Christmas day. We have held, on subsequent appeals, this issue was for the solution of the jury. Uniformly the juries have found for plaintiff.

The issue was further complicated by evidence of the location of the body, the boat of the insured tied up, and tracks, indicating he could not have come to his death at the time and place he was last seen rowing his boat on the Tennessee River. No question of the weight of the evidence on this issue is now presented for review.

On the second trial plea 17 was interposed, and demurrer thereto sustained by the trial court. We refer to our opinion on Second Appeal, 228 Ala. 383, 387, 153 So. 759, setting out this plea. For clarity, however, we note this plea does not adopt by reference the averment of plea 3 to the effect that the policy was not delivered during the lifetime of the insured, but only that portion of plea 3 quoting provisions of the policy.

The plea was held good.

On the third trial defendant interposed pleas 18 and 19, of similar import. Plea 19 appears in the report of the case on this appeal. Demurrers being overruled, the cause went to trial also on the issues presented by pleas 17, 18 and 19.

These pleas, in varying language, charge fraud in the procurement of the delivery of the policy by suppression of facts known to the plaintiff; in effect, that the insured was missing, was reported to have been drowned in the Tennessee River, and search was being made for him; and that the policy would never have been delivered, if these facts had been disclosed to the delivering agent. The trial court, in his oral charge, undertaking to follow the construction of these pleas given by this court on former appeals told the jury: "They assert the defense that plaintiff suppressed certain facts with the intent to deceive or with intent to defraud * * * If he did suppress facts material to be known, and which he was under obligation to communicate, and, in so doing he had the intention to defraud or deceive, and if when he went to the office of the defendant company he had heard his brother was missing or had disappeared and was in all probability already dead, and he did not communicate this, and, if this has been proven to your reasonable satisfaction from all the evidence in the case, then the plaintiff would not be entitled to recover. On the other hand, if he acted in good faith, *if he had no intention to deceive or intention to defraud the defendant company then the plaintiff would be entitled to recover under that plea and if you are reasonably satisfied of that after hearing all the testimony, you would find your verdict for the plaintiff.*" [Italics supplied.]

Defendant reserved an exception to the italicized portion of these instructions.

Whether the "intent to deceive" is, under the circumstances of this case, an ele-

ment of the defense of fraud, is the main question stressed on this appeal.

Dealing with these pleas on the last appeal to this court, 231 Ala. 295, 296, 164 So. 377, it was declared: "The defense asserted by these pleas is that plaintiff, with intent to deceive, concealed from defendant facts known to plaintiff, which, in the circumstances, it was plaintiff's duty to disclose, and thereby fraudulently procured possession of the policy, while if he had disclosed such facts the policy would not have been delivered to him."

In this opinion it was further observed these pleas do not allege the insured was in fact dead at the time of delivery of the policy, but proceed on the theory, that although further developments disclosed the policy was delivered in the lifetime of the insured, when, in fact, plaintiff was entitled to its delivery, and defendant suffered no injury, nevertheless, the law would not permit plaintiff to "profit by his own wrong." Quite clearly, we think, "his own wrong," in its connotation, refers to withholding of facts importing the probable death of the insured, with intent to deceive; and "profit" refers to the position of vantage obtained through possession of the policy when death of the insured was verified by finding the body.

Appellant strongly argues this holding is out of harmony with the treatment of plea 17 on Second Appeal, 228 Ala. 383, 390, 153 So. 759, 764, where we held:

"The plea discloses that, under the particular circumstances of the case, a material fact within the knowledge of the beneficiary and which it was his duty to disclose before paying the premium and procuring the policy was suppressed. This was within the purview of the fraud declared in section 8050 of the Code of 1928 and 1923. It is there declared that 'Suppression of a fact *material to be known, and which the party is under an obligation to communicate,* constitutes fraud. The obligation to communicate may arise from the confidential relations of the parties, or from the particular circumstances of the case.' (Italics supplied.) Metropolitan Life Ins. Co. v. Goodman, 196 Ala. 304, 71 So. 409; Williams v. Bedenbaugh, 215 Ala. 200, 110 So. 286; Bankers' Mortg. Bond Co. v. Rosenthal, 226 Ala. 135, 145 So. 456; Gulf Electric Co. v. Fried, 218 Ala. 684, 119 So. 685; Coleman v. Night Commander Lighting Co., 218 Ala. [196] 197, 118 So. 377."

■■ This statute is declaratory of the common law. In dealings between persons standing in confidential relations or positions of trust, the law imposes an obligation on the part of the one to safeguard the interests of the other with the same fidelity he safeguards his own, and charges him with knowledge of such duty. Withholding facts, material to be known, is a breach of such legal duty, regardless of intent to deceive, and is a legal fraud. Authorities cited in above excerpt.

■ When the circumstances of the particular case impose a like duty, the same rule obtains. So reads the statute. In the absence of confidential relations, or special circumstances imposing a like duty, the rule seems settled that non-disclosure of facts to be fraudulent must be for purposes of deceit.

In Jordan & Sons v. Pickett, 78 Ala. 331, dealing with fraud on the part of a seller of property, it was said: "Concealment implies design, or purpose. * * * The concealment must be for the purpose of continuing a false impression or delusion under which the purchaser has fallen, or of suppressing inquiry, and thereby effecting a sale—with the intention to conceal or suppress—and it must operate an inducement to the contract."

And in Southern Land Development Co. v. Meyer, 230 Ala. 40, 159 So. 245, 246, we find: "The suppression of the truth as to the material fact may amount to an actionable falsehood, as when, with the intent to deceive, a party to the contract conceals or suppresses a material fact which good faith requires to be declared or disclosed, it is the equivalent of false misrepresentation and fraudulent concealment (American-Traders' Nat. Bank et al. v. Henderson, 222 Ala. 426, 133 So. 36; Griel v. Lomax, 89 Ala. 420, 6 So. 741)."

In Restatement of the Law of Contracts, § 471, fraud is defined to include: "(c) non-disclosure where it is not privileged, by any person intending or expecting thereby to cause a mistake by another to exist or to continue, in order to induce the latter to enter into or refrain from entering into a transaction." See Alabama Annotations to § 471.

■ In this case there were no confidential relations. It must be kept in mind

that here is an issue of fraud in a case wherein it is found by the jury that the policy was in fact delivered during the lifetime of the insured. On such finding the plaintiff was entitled to the delivery of the policy when it was delivered. In such case a recovery should not be denied unless plaintiff was guilty of a positive wrong, concealment with intent to deceive, as held on the last appeal. We need not consider whether Code, § 8364, applies to misrepresentations by concealment of material facts, not connected with the application, as insisted by appellee.

The instruction excepted to is further challenged on the ground that it directs a verdict for plaintiff if this issue was found for plaintiff.

Standing alone, the instruction was objectionable on this ground. But the entire charge discloses the issue under the pleas of non est factum was dealt with separately, and the jury clearly instructed there could be no recovery if the policy was not delivered within the lifetime of the insured. We think the jury fully understood the instruction excepted to applied only to the issue of fraud, and in no way withdrew the instructions on the other issue.

Charge 1, given for plaintiff, disclosed both issues must be found for plaintiff in order to obtain a recovery.

What we have said suffices to indicate there was no error in refusing the affirmative charge on the several pleas of fraud.

On the point of "intent to deceive" it may be observed that plaintiff, so far as appears, had not then seen the policy, or otherwise knew the conditions on which it was to become effective. Moreover, in the proof of death submitted for the purpose of collecting the policy, there was no concealment. This proof proceeds on the supposition that the fact of death before delivery of the policy was immaterial.

Whatever be our personal views as to the merits of the case involved in this prolonged litigation, we find no error to reverse in the present record.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.