194 So. 147

## HUDSON v. MOORE.
### 6 Div. 522.

Supreme Court of Alabama.

Jan. 11, 1940.

Rehearing Denied March 7, 1940.

Harsh, Harsh & Hare, of Birmingham, for appellant.

Taylor & Higgins, of Birmingham, for appellee.

**BOULDIN, Justice.**

Appellant sued appellee for alleged malpractice in the performance of a surgical operation. The operation was in 1923. The action was brought in 1938.

Pleas of the statute of limitations of one year and of six years were interposed.

Several counts of the complaint contained averments intended to anticipate and avoid these defenses. Demurrers going to the sufficiency of these averments were sustained. After pleas filed, similar averments were interposed by replications. Demurrers were sustained to these replications. Plaintiff, by reason of adverse rulings on the pleadings, took a non-suit and appeals.

Admittedly, the statute of limitations of one year is a bar to counts in tort and six years a bar to counts ex contractu. The parties, on this appeal, make no issue as to whether the action, as presented in the several counts, is in tort or in assumpsit. The sole inquiry is whether facts set up by plaintiff prevent the running of the statute until a discovery of the cause of action alleged to have been within twelve months of suit brought.

The gravamen of the complaint is that defendant, a surgeon, agreed and undertook to perform a surgical operation on plaintiff's gall-bladder, and in breach of his obligation to perform with professional care and skill, left in the body of plaintiff a gauze sponge used in connection with the operation resulting in her gall-bladder becoming infected, causing many complications and internal ailments, requiring painful and expensive operations and medical treatment; and causing great physical pain, sickness and disability.

The cause of action here alleged arose at the date of the operation, the point of time when the tortious act or breach of contractual duty occurred proximately resulting in the injury. An action could have been maintained at any time thereafter. That cumulative injuries developed thereafter did not postpone the right of action, nor prevent the running of the statute of limitations.

The statute defines the instances in which the running of the statute is tolled.

Ignorance of the cause of action, unless superinduced by fraud, is not one of them, nor is difficulty of ascertainment. The statute is one of repose, intended to put an end to controversy, interposing an absolute bar. It is not for the courts to invent other exceptions to meet unusual cases. Peters Mineral Land Co. v. Hooper et al., 208 Ala. 324, 94 So. 606; Kelly et al. v. Shropshire, 199 Ala. 602, 75 So. 291; Tillison v. Ewing, 91 Ala. 467, 8 So. 404.

One point raised is that the cause of action was concealed by the wrongful act itself, enclosing a foreign substance in the body to work internal injury, thereafter, a breach of duty not to be suspected. Such malfeasance, it is argued, should be treated in law as a fraudulent concealment, whether known to the surgeon or not.

The fact that the foreign substance was concealed in the body grew out of the nature of the employment. Both parties contemplated a delicate operation within the body, one in which the conditions following the operation would necessarily be concealed. The fault of the surgeon was not in concealing the results of his operation, but in his breach of duty in failing to perform the operation with due care and skill.

Fraudulent concealment implies knowledge of the facts concealed. This is settled in our decisions as elsewhere.

Jordan & Sons v. Pickett, 78 Ala. 331; Southern Land Development Co. v. Meyer, 230 Ala. 40, 159 So. 245; Griel v. Lomax, 89 Ala. 420, 6 So. 741; Lovell v. Smith et al., 232 Ala. 626, 169 So. 280; Metropolitan Life Ins. Co. v. James, 238 Ala. 337, 191 So. 352, 355.

Cases in other jurisdictions dealing with actions for malpractice, some of them involving foreign substances left in the body, are fully reviewed in note to Schmit v. Esser, 74 A.L.R. 1318, 1320 et seq. For supplemental cases arising since this annotation, see the following: Burton v. Tribble, 189 Ark. 58, 70 S.W.2d 503; Trombley v. Kolts, 29 Cal.App.2d 699, 85 P.2d 541; Silvertooth v. Shallenberger, 49 Ga. App. 758, 176 S.E. 829; Carter v. Harlan Hospital Ass'n, 265 Ky. 452, 97 S.W.2d 9; Maloney v. Brackett, 275 Mass. 479, 176 N.E. 604; Weast v. Duffie, 272 Mich. 534, 262 N.W. 401; Hudson v. Shoulders et al., 22 Tenn.App. 301, 122 S.W.2d 817; McCoy et ux. v. Stevens et ux., 182 Wash. 55, 44 P.2d 797.

Several cases, following the lead of Gillette v. Tucker, 67 Ohio St. 106, 65 N.E. 865, 93 Am.St.Rep. 639, postpone the running of the statute of limitations during the period of post operative treatment under the same employment. This, upon the ground that the operation is incomplete if a foreign substance is left in the body on closing the operative wound, and the surgeon has a continuing duty to discover his dereliction and remedy it while he is still treating the ailment. This inquiry is unimportant in this case.

We may say there is good reason behind the doctrine of Gillette v. Tucker, supra. Still, we would not commit ourselves to any idea that a cause of action would not have arisen for the pain and suffering entailed in re-opening the wound, if discovered during the post operative treatment, and removed.

The decisions are practically unanimously in holding, that in the absence of fraudulent concealment as above defined, the statute begins to run when the relation of surgeon and patient ends with reference to the ailment treated.

Our statute, Code, § 8966, postponing the running of the statute in cases of fraud, reads: "In actions seeking relief on the ground of fraud where the statute has created a bar, the cause of action must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have one year within which to prosecute his suit."

While this statute is usually applicable to cases wherein fraud is the basis of the cause of action, it is the settled construction that its purpose is to make available at law the rule theretofore prevailing in equity; and applies to a fraudulent concealment of the existence of a cause of action from the party in whose favor the cause of action exists. A party cannot profit by his own wrong in concealing a cause of action against himself until barred by limitation. The statute of limitations cannot be converted into an instrument of fraud. Moses et al. v. St. Paul et al., 67 Ala. 168; Peters Mineral Land Co. v. Hooper, supra; Roquemore v. Sovereign Camp, W. O. W., 226 Ala. 279, 146 So. 619.

Where confidential relations exist, as between physician and patient, the duty to disclose may render silence fraudulent, but knowledge of the facts is a necessary element of fraudulent concealment.

In certain pleadings, designed to excuse delay in bringing the suit, plaintiff seeks to invoke actual fraudulent misrepresentation, defined by statute in these words: "Misrepresentations of a material fact, made wilfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently, and acted on by the opposite party, constitute legal fraud." Code 1923, § 8049.

Appellee suggests this species of fraud has no place in tolling the statute of limitations in that the statute is in another chapter, dealing with frauds and perjuries, and not connected with limitations of actions.

This overlooks the fact that this is merely a statutory enactment of existing common law. This species of fraud is usually found in misrepresentations of material facts as an inducement to action by another to his hurt in reliance upon the truth of such statements. The culpability which stamps such statements as a legal fraud is in the assertion of that to be true which is not true, although believed to be true, when made to be relied upon and which are relied upon to the injury of the party misled thereby. Cartwright v. Braly, 218 Ala. 49, 117 So. 477. We are not pre-

134

pared to hold no case could arise wherein such statements may have induced non-action on the part of the person misled.

The averments here relied upon as a cause for delay in discovering the right of action are presented in their strongest light in Count 6 of the complaint and replication No. 5.

Count 6 undertakes to set up fraudulent concealment of the cause of action. Its pertinent averments are:

"And plaintiff avers the quo modo of said fraudulent concealment to be, that is the plaintiff avers that said fraudulent concealment consisted in the following, viz.: that when the defendant had completed the performance of said surgical operation and after the operative wound had been sewed up, and after the said foreign substance had been left in the plaintiff's body, the defendant stated to the plaintiff in substance that he had punctured every cell in her gall bladder and that her gall bladder was clean now and that she need not worry any more, and plaintiff avers that said statement was not true in that her gall bladder was not clean because said foreign substance had been left in it, but that she believed said statement and relied upon it and did not know that it was not true.
* * *

"He made said misrepresentations of fact when the extent of the defendant's knowledge was either that he knew said statement to be false or that he did not know it to be true and made it recklessly without knowledge claiming that he knew it to be true."

Whether the actual statement credited to defendant was more than a reassuring professional opinion, and understood as such, is quite questionable.

 "The statement of an opinion which is not his opinion, made to deceive and which does deceive, may, by reason of his peculiar knowledge of facts upon which a reliable opinion may be based and not accessible to the other party, amount to deceit. Montgomery So. Ry. Co. v. Matthews, 77 Ala. 357, 54 Am.Rep. 60; Tillis v. Smith Sons Lumber Co., 188 Ala. 122, 65 So. 1015." Cartwright v. Braly, supra [218 Ala. 49, 117 So. 480].

The averments of Count 6 do not meet these conditions.

However, taking the statement therein recited as one of fact, not merely of opinion, replication No. 5 presents the matter in a stronger light. It reads: "Defendant ought not to have and recover of the plaintiff on account of the matters and things set up in said plea because the plaintiff did not discover that said foreign substance described in said count of said complaint had been left or was in her body and did not discover that the defendant had breached said contract as aforesaid, and had no notice thereof until, to-wit: October 29, 1937, all as a proximate consequence of the fact that, to-wit: on December 17, 1923, after the defendant had performed that part of said operation which he did perform and while the plaintiff was still the patient of the defendant in the same employment described in said count, the defendant fraudulently concealed from her the fact that she had said cause of action against him in that the defendant on said occasion falsely represented to the plaintiff in substance that he did know whether or not he had left any foreign substance in said operative incision, which statement the defendant knew to be false, and further that her gall bladder and said operative incision were free from any foreign substance, which statement that her gall bladder and said operative incision were free from foreign substance was false, and although the defendant did not actually know it to be false he made said misrepresentation of fact recklessly without knowledge that it was true, claiming that he knew it to be true, which he did not."

In dealing with these pleadings we must keep in mind the issue involved is fraudulent prevention of discovery of plaintiff's cause of action.

What the defendant said to plaintiff touching the operation at the time had no necessary or obvious connection with the failure to discover the cause of action for fourteen years.

 Reliance is had on parol statements so far in the past that all the reasons for the rule of repose are present. The complaint, to which later pleadings are related, discloses that infection appeared leading to suffering and medical treatment for many years. For aught appearing infection followed in the usual time. Obviously the plaintiff could never discover for herself the cause of further trouble, a failure of the operation so to speak.

 The replication does not disclose how or by whom the foreign substance was discovered. In one or more pleadings it is

averred this discovery was made by an X-ray examination under direction of a physician in another state where plaintiff now resides. For aught appearing the cause of the trouble could have been discovered in the same manner within one year as well as within fourteen. Defendant, not being called on himself for further treatment, was not responsible for any failure of other physicians to employ the X-ray. It narrows down to the question: Does this pleading show that what defendant said to plaintiff at the time of the operation prevented a discovery of the fact of a foreign substance in the body? Did plaintiff tell her later physician what defendant said, and did they rely on it, in the face of the fact that something was wrong? None of these facts, or other facts, are averred to show non-discovery by reason of the alleged statements of defendant.

Like other charges of fraud, facts must be averred from which it can be clearly seen that fraud has intervened to prevent a discovery of the wrongful act upon which the action is based. Harris v. Nichols, 223 Ala. 58, 134 So. 798; Peters Mineral Land Co. v. Hooper, supra; 37 C.J. 975, § 357.

It is nowhere averred that defendant ever knew he had left the sponge in the operative wound.

All the pleadings relied upon to toll the statute of limitations were subject to demurrers interposed under principles of law we have discussed.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.