## McDANIEL v. UNITED BEN. LIFE INS. CO.

No. 9330.

Circuit Court of Appeals, Fifth Circuit.

Jan. 29, 1941.

G. R. Harsh, Jr., and Francis H. Hare, both of Birmingham, Ala., for appellant.

Geo. W. Yancey, of Birmingham, Ala., for appellee.

Before FOSTER, HOLMES, and Mc-CORD, Circuit Judges.

FOSTER, Circuit Judge.

Appellant, Helen McDaniel, as beneficiary, brought two suits against appellee, United Benefit Life Insurance Company, hereinafter referred to as the company, to recover on three policies of life insurance, issued to her husband, J. Louis McDaniel, each in the sum of $5,000. One of the policies had lapsed and was reinstated in May, 1937. The insured had procured the issuance of what is known as "family income riders" on two of the policies, which greatly increased the amount payable. The company admitted liability for the face value of two of the policies but denied liability on the reinstated policy and the family riders, on the ground the insured was guilty of fraud in procuring them by concealing his physical condition from the examining doctor and in not making his true condition known to the company before the policies were delivered. Appellant pleaded waiver and estoppel based on the delivery of the reinstated policy and the riders and the retention of the premiums until after the death of the insured. The suits were consolidated for trial. At the conclusion of the evidence the District Court sustained a motion of the company for a directed verdict as to the lapsed policy and the family income riders. Error is assigned to this action of the court.

Undisputed substantial evidence in the record tends to show the following material facts. McDaniel was in partnership with W. T. Halliday and they were joint state agents of the company. McDaniel was in charge of the office. Halliday spent most of his time in the field. E. V. Davis was an employee of the partnership and not of the company. On May 3, 1937, McDaniel was examined by Dr. Johns, the company's physician, in connection with other insurance and passed as a good risk. For some ten days prior thereto he had had a feeling of fullness in the upper left quadrant of his abdomen. He concealed this from the examining physician but the next day he went to his personal doctor, Dr. Hodges, and told him about the discomfort in the left side of his abdomen. Dr. Hodges kept McDaniel under observation for a week or ten days, making a thorough clinical examination, and then told McDaniel he had an enlarged spleen. An operation was performed to remove his spleen. It was then discovered that this enlargement was caused by a cancerous condition. After McDaniel had consulted Dr. Hodges he had correspondence with appellee, through letters dictated by him, signed by Davis, about the policies in suit and other riders he wanted and referred to the examination of May 3d by Dr. Johns as a basis, saying nothing about his then physical condition. The reinstatement of the lapsed policy and the family income riders were delivered to McDaniel while he was in the hospital. The company did not know of the enlarged spleen or the operation until after McDaniel's death, which

occurred on September 11, 1937. Dr. Johns testified that had McDaniel informed him that he had a feeling of fullness in his abdomen he would have made a further examination and if he had then discovered that McDaniel had an enlarged spleen he would have considered him uninsurable until the trouble had cleared up. McDaniel had a policy with the Mutual Benefit, Health & Accident Co., an associated company, that would have paid him $150 a month while in the hospital and $100 a month after that until he recovered. He purposely refrained from making claim under this policy and asked Halliday and Davis to say nothing to the company about his being in the hospital. In the course of the correspondence Davis signed a letter to the company saying McDaniel had paid the premium on the lapsed policy in cash. On the stand he testified he had not read the letter before signing it and McDaniel had not paid him any cash.

Appellant concedes that under the law of Alabama it was the duty of McDaniel to advise the company of any change in his physical condition material to the risk but contends that he was in good faith and ignorant of his true condition and further contends the issues of waiver and estoppel should have been submitted to the jury.

The testimony above recited was sufficient, putting aside other cumulative evidence in the record tending to show fraud, and warranted the District Judge in directing the verdict. McDaniel occupied a highly confidential fiduciary relationship with the company, and it was his duty, more than that of a third person applying for insurance, to disclose any facts to his principal that might have resulted in rejecting his application for reinstatement of the policy and additional insurance. There is no doubt his suppression of facts material to the risk, which he knew before the policies were delivered, was actual and legal fraud, rendering the contested insurance voidable. Metropolitan Life Ins. Co. v. James, 238 Ala. 337, 191 So. 352; Mutual Life Ins. Co. v. Hilton-Green, 241 U. S. 613, 36 S.Ct. 676, 60 L.Ed. 1202; Stipcich v. Metropolitan Life Ins. Co., 277 U. S. 311, 48 S.Ct. 512, 72 L.Ed. 895. Estoppel cannot be predicated on the delivery of the policies and retention of the premiums, if they were eventually paid, under the circumstances shown. It was not error to direct a verdict on the whole case.

Pennsylvania R. Co. v. Chamberlain, 288 U.S. 333, 53 S.Ct. 391, 77 L.Ed. 819.

Other errors assigned are without merit and require no discussion.

The record presents no reversible error. The judgment is affirmed.