66 So.2d 561

**MAZER v. BROWN.**

**6 Div. 469.**

Supreme Court of Alabama.

June 30, 1953.

Rehearing Denied Aug. 6, 1953.

Wm. C. Barber and Barber & Barber, Birmingham, for appellee.

A. Leo Oberdorfer and E. M. Zeidman, Birmingham, for appellant.

452

PER CURIAM.

This is an action for deceit by appellee against appellant, resulting in a verdict and judgment for appellee for $6,000.

We will treat contentions made as to error in the order in which they appear in appellant's brief. The first relates to the demurrer to count IV, one of the two counts which were submitted to the jury.

There is much detail set up in the count. Appellant is alleged to have been an officer and director of Mazer Roofing and Heating Company, a corporation. That he repaired and repainted dwellings using the name of the corporation in making contracts. That appellee owned a dwelling house in which he lived, which needed repairing and repainting. That he contacted appellant who told him to contract with said corporation to do the work; that appellant willfully, falsely and fraudulently suppressed and fraudulently concealed from appellee, with the intent to deceive and defraud appellee, the following material facts: that said corporation was insolvent, or rapidly becoming insolvent, was unsafe financially to make good its work; that it was unable to perform in a good and workmanlike manner the work agreed upon under said contract, and that its management and employees were incapable, inexperienced, incompetent and unable to do and complete the work under said contract in a good and workmanlike manner. That appellee relied upon the good faith of appellant and did not know of said willful, false and fraudulent concealments and suppressions of material facts which appellant was under obligation to communicate to him, and as a proximate result thereof he entered into a contract and was caused to pay said corporation $7,106.50 pursuant to said contract. That the corporation under said contact did not perform and complete the job in a good and workmanlike manner but that it was poorly, incompletely and carelessly done, so that the market value of the dwelling was substantially depreciated. The count then gives a detailed statement of the defects and deficiencies of the work, and that the material and work were of inferior quality and carelessly and negligently done; that said corporation is insolvent and in bankruptcy and unable financially to make good its work to the damage of appellee as claimed. This count undertakes to follow section 109, Title 7, Code.

The first contention made with respect to the demurrer to this count is that it fails to show a duty to disclose the alleged material facts set forth in it.

█ We agree that the count should show such a duty. Einstein v. Marshall, 58 Ala. 153; National Park Bank of New York v. Louisville & Nashville R. R. Co., 199 Ala. 192, 74 So. 69(23); Mudd v. Lanier, 247 Ala. 363, 377(24), 24 So.2d 550; section 109, Title 7, Code. That principle has been held to apply to a buyer of goods on credit when he is insolvent or has no reasonable expectation of being able to pay for them, and he fails to disclose to the seller his condition and the seller is ignorant of it. Loeb v. Flash, 65 Ala. 526; McCormick v. Joseph, 77 Ala. 236; LeGrand and Hall v. Eufaula National Bank, 81 Ala. 123, 1 So. 460; Kyle v. Ward, 81 Ala. 120, 1 So. 468.

Likewise a duty exists on the part of the seller to disclose to a purchaser certain material facts. Jordan v. Pickett, 78 Ala. 331; Standard Motorcar Co. v. McMahon, 203 Ala. 158, 82 So. 188; Southern Land Development Co. v. Meyer, 230 Ala. 40, 159 So. 245; Metropolitan Life Ins. Co. v. James, 238 Ala. 337, 191 So. 352. This applies to parties entering into contracts generally. American Traders' National Bank v. Henderson, 222 Ala. 426, 133 So. 36; Metropolitan Life Ins. Co. v. James, supra.

█ According to the complaint, appellant was not a disinterested stranger to

the transaction. He was financially interested in the business of the corporation. His interest imposed the same duty to make disclosure to appellee as would be imposed on the corporation. The material facts relied on are sufficiently alleged together with the fact that they were material and that they existed but were not disclosed. Those facts relate to the time when the contract was made. The count sufficiently shows that they then existed and were not disclosed.

The next contention made relates to the demurrer to count V. Most of the contentions here made are the same as those applicable to count IV, supra. The chief difference is that in count V, allegations are made not of concealment, but of false representations made by appellant inducing appellee to contract with the corporation, with the result as stated in count IV, when appellant was a stockholder and director of the corporation. The allegation in that respect is in substance that appellant willfully, falsely and fraudulently represented to appellee with the intent to deceive and defraud him that the corporation was capable of and would do a fine and workmanlike job on said dwelling according to the contract; that the management and employees of said corporation were capable, experienced and competent to do and complete the work under said proposed contract. That appellant then and there well knew that the corporation was not capable of and would not do a fine and workmanlike job on said dwelling according to the proposed contract; that the management and employees of the corporation were incapable, inexperienced and incompetent to do and complete the work under said proposed contract. (Some immaterial matter has been omitted.) The count then alleges reliance upon the truth of those representations, alleging appellee did not know of their falsity but was deceived by them into making the contract with the corporation, with the result as alleged in count IV.

That count embraces the requirements of section 110, Title 7 of the Code, which is an enactment of the common law. Hudson v. Moore, 239 Ala. 130, 133(9), 194 So. 147.

■ The facts alleged import an intention to deceive by the representation of material facts known by appellant to be false, expecting and intending for them to induce the execution of a worthless contract and that they did induce such action to the damage of appellee. Such allegations are sufficient to require a duty to know the facts and to be truthful. Metropolitan Life Ins. Co. v. James, supra; Einstein v. Marshall, supra.

Count V may contain some matter which is expressive of opinion or forecast of future occurrences; but even those allegations are accompanied with others sufficient to make them material. Hudson v. Moore, supra; Cartwright v. Braly, 218 Ala. 49, 117 So. 477; Cartwright v. Hughes, 226 Ala. 464, 147 So. 399; Shepherd v. Kendrick, 236 Ala. 289, 181 So. 782.

■■ The next contention is with reference to a motion to strike certain parts of counts IV and V, which was overruled by the court. The argument is that a motion and not a demurrer properly raises the question of the right to certain damages claimed in the complaint or other material matter. That is a true statement of the law. Cartwright v. Hughes, supra, but it appeals to the discretion of the trial court which is not subject to review on appeal. Woodstock Iron Works v. Stockdale, 143 Ala. 550, 39 So. 335; National Surety Co. v. O'Connell, 202 Ala. 684, 81 So. 660; Blumberg v. Speilberger, 209 Ala. 278, 96 So. 191. Appellant's contention in that respect cannot be sustained.

In his opening statement appellee's counsel observed that appellant said he would stand behind the deal personally: with a further observation that appellee expects the evidence to show that the repairs were not only poorly made, etc.

■ As to opening statements, the rule approved by this Court is that in it the parties are entitled to outline what they expect to prove unless it is manifest that such proof is incompetent. Atlanta Life Ins. Co. v. Canady, 225 Ala. 377, 143 So. 561; Prudential Ins. Co. v. Calvin, 227 Ala. 146, 148 So. 837.

454

■ Just what appellant said as an inducement to the execution of the contract by appellee cannot be said to have been manifestly incompetent. Whether evidence of it is sufficient to prove the complaint is another and different question. Objection was also made to proof by appellee that appellant did make statements to appellee that he would stand good for the work. The objection was on the ground that this suit is not based on an agreement but for deceit. The court later gave charges D–12 and D–21 which made it clear to the jury. The details of the occurrences which brought about the contract alleged to have been fraudulently obtained are material though they also prove a contract by appellant. That is not inconsistent with the allegations of fraud on which the suit is based.

■ Evidence of the defective manner in which the work was done is admissible for the purpose of showing want of experience and capacity of the corporation to do the work, the direct cause of the damage. That is consistent with and justifies the remark of the court that if the contract had been carried out to the satisfaction of appellee he would not have had any law suit. That was a correct statement because there can be no recovery of a substantial amount without proof of damage to a substantial degree. It did not imply that a breach of the contract by the corporation would of itself support this suit against appellant.

There were other questions and answers, over objection, which are subject to the same comment. It is not necessary to name each such ruling. They all overlook the fact that damage in performing the contract is necessary to any substantial recovery for deceit against this appellant, though the damage resulted from a breach of the contract with the corporation, when inducing the execution of the contract by fraud is the foundation of this suit. That legal status also applied to the photographs made of appellee's home showing its condition after the work was done.

■ The motion to exclude the evidence because insufficient to prove plaintiff's case is inappropriate in a civil case as this Court has held many times. The affirmative charge is the proper method, and such charge was requested and refused as to both counts. Snow v. Allen, 227 Ala. 615, 151 So. 468.

Appellant contends that the evidence did not show that the corporation was insolvent or rapidly becoming insolvent at the time appellee entered into the contract with it; that hence there was a failure to prove all the conjunctive allegations of fact which constitute the fraud alleged in count IV; and, therefore, the affirmative charge should have been given. We have stated the matter alleged in that count to which this contention refers. Count V has no allegation that solvency of the corporation was represented by appellant as an inducement to the execution of the contract.

■ The contract was made on June 10, 1949. The corporation was adjudged a bankrupt either in the summer of 1950 or January 1951, it is uncertain from the evidence. For the affirmative charge the evidence most favorable to appellee must be accepted as true. The testimony of P. N. Wilson was that he was an officer of the corporation from prior to June 1949 until February 1950 while this work was in progress; that the corporation was then solvent and was so in June 1949 and had lost no money. But that the corporation was not qualified to do the job and would have to sublet some of it; that it definitely could not do the foundation work as well as other features of it. The particular matter which appellant contends was not proven was in count IV that the corporation was then insolvent or rapidly becoming insolvent.

■ We have a line of cases which have established the rule that "where a single count contains several distinct, independent averments, each presenting a substantive cause of action, proof of either cause of action, so averred, will authorize a recovery; but where a count contains several averments, all of which, combined together, make up the averment of but one cause of action, it is necessary to prove each of the averments in order to sustain the cause of action as laid." Birmingham Railway and Electric Co. v. Baylor, 101 Ala. 488, 13 So. 793; Louisville & Nashville R. R. Co. v. Mothershed, 97 Ala. 261;

Southern Rwy. Co. v. Lee, 167 Ala. 268, 52 So. 648; Cartwright v. Braly, 218 Ala. 49 (4), 117 So. 477; Cartwright v. Hughes, 226 Ala. 464, 147 So. 399. It was said in City Loan & Banking Co. v. Byers, 1 Ala. App. 583, 55 So. 951, 952, that, "The allegation of the falsity of the one alleged representation as an entirety is descriptive of the tort complained of, and is not sustained by proof of the falsity of only a part of such representation."

 The insolvency of the corporation or that it was rapidly becoming insolvent was one of a bundle of conditions and circumstances alleged to have been fraudulently concealed. All the facts so asserted are tied into one combined status to constitute one cause of action, and all must be proven as alleged. So the authorities assert.

There was no direct proof of that averment. The direct proof is to the contrary. But the proof is that about a year after the contract was made the corporation was adjudged a bankrupt. In the case of McCormick v. Joseph, 77 Ala. 236, the issue was whether the purchaser had concealed his then insolvency. It was there said:

"It is true, perhaps, that evidence of one's insolvency today cannot be said, generally, to prove his insolvency a week, or ten days ago; but it is a fact to which the jury may look, and from which they would be often authorized to infer such previous state of insolvency, according to the particular facts or nature of the case. A commercial bankruptcy or suspension not uncommonly presents such an alarming disparity between the assets and liabilities of the insolvent debtor, as to render it morally certain that an assignment made by him is but an announcement of a pre-existing state of insolvency; just as the death and physical condition of a patient may often afford reasonable grounds for the inference that these are but the culmination of a previous protracted illness."

That theory is applicable to this case. The jury could weigh all the evidence including the bankruptcy of the corporation and determine that it was either insolvent in June 1949 or then rapidly becoming insolvent.

The other assignments of error do not seem to need discussion and are not well taken.

The judgment of the trial court should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Judge of this Court, while serving on it at the request of the CHIEF JUSTICE under authority of Title 13, § 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, SIMPSON, STAKELY, GOODWYN and MERRILL, JJ., concur.