The plaintiff-appellee, Mattie Gowens, sued the defendants-appellants, Old Southern Life Insurance Company and its agents, for three million dollars for: (1) breach of contract, (2) fraud, (3) tort of outrage, and (4) fraudulent failure to pay an insurance policy. The plaintiff was the owner of two policies with Old Southern Life Insurance Company, when its agent, F.G. Compton, paid her a visit on July 19, 1977, for the purpose of selling her additional coverage in the form of a major medical policy. Although disputed by Old Southern Life Insurance Company, Mrs. Gowens testified, in answer to questions on the company's application form, that she previously had suffered from diabetes, kidney stones and high blood pressure. In response to this statement, Compton said he could "fix it where it would definitely pay," in the presence of a witness. Ten months later, the plaintiff suffered a heart attack and was hospitalized, incurring a bill of $2,702.80. The policy had a $500.00 deductible provision. Pursuant to Code 1975, § 27-14-7, Old Southern Life voided plaintiff's policy and refunded her premiums, claiming it would not have issued the policy if it had known about the diabetic condition.
The Circuit Judge of Calhoun County submitted the case to the jury on each of plaintiff's theories of recovery and against all defendants, and the jury returned a verdict for $2,702.80, for breach of contract and one million dollars for fraud against all defendants. Defendants duly filed a motion for judgment notwithstanding the verdict, new trial or remittitur, which were all denied by the Circuit Court.
On appeal, the defendants raised several issues. They are as follows:
1. Did the jury award excessive damages under the evidence?
2. Did the trial court err in its charges to the jury recognizing actions for fraudulent refusal to pay, tort of bad faith and tort of outrage?
3. Did the court err in not directing a verdict for the defendants, Aspinwall and Epperson?
4. Did the court err in allowing evidence of wealth of a defendant? *Page 136 
5. Did the court deny defendants their constitutional rights by allowing the jury to determine liability and damages in the same sitting?
In the light of our resolution of this case, we will not attempt to give an extensive analysis of each issue, and as to issues 4 and 5, we pretermit discussion.
At the outset, we agree with the defendants that a directed verdict should have been entered in favor of defendants Aspinwall and Epperson on all counts. The facts do not support any theory of fraud or contract liability on the part of these defendants. See 19 C.J.S. Corporations § 839 (1940). Epperson's name appears on the contract of insurance, and Aspinwall wrote a letter denying the claim and rescinding the policy, but there is not a scintilla of evidence that these acts were done in any capacity other than as officers of the corporation. The judgment below is reversed and rendered as to Aspinwall and Epperson. Likewise, the verdict of the jury on the contract count is contrary to the evidence. The only pecuniary loss that the plaintiff suffered was $2,702.80. The undisputed testimony is to the effect that plaintiff had a $500.00 deductible policy. Applying this deductible to the pecuniary loss results in a maximum possible judgment of $2,202.80. The plaintiff will be required to remit $500.00 of the contract judgment on pain of reversal if she does not do so. Code 1975, § 12-22-71.
As to plaintiff's fraud count, we are persuaded that there was substantial evidence to support a verdict for the plaintiff on this count. Plaintiff claims that although she told Old Southern's agent that she had diabetes, kidney stones and high blood pressure, he said that he would "fix it where it would definitely pay." The company did not pay and plaintiff was upset by receiving duns from the hospital. The company denied these allegations, but the jury believed the plaintiff. We cannot disturb the jury's verdict under the facts in this case.Decker v. State Nat. Bank, 255 Ala. 373, 51 So.2d 538 (1951);Indemnity Ins. Co. of North America v. Holiway, 233 Ala. 100,170 So. 329 (1936); Hughes v. Cartwright, 222 Ala. 4,130 So. 550 (1930).
The defendants raise as an issue that the court below erred in charging the jury on actions for fraudulent refusal to pay, tort of bad faith and tort of outrage. Having determined that plaintiff did have the cause of action in contract and fraud, we find defendants' argument in this regard without merit. InTrammell v. Robinson,[1] 34 Ala. App. 91, 98, 37 So.2d 142, 148
(1948), we said:
 [I]f there is a good count in the complaint, although other counts may be defective, and a general verdict in favor of the plaintiff is returned, the judgment will be referred to the good count if there is evidence to sustain it, and the judgment will not be reversed because of the court's erroneous ruling on demurrers to the defective counts.
We turn now to the more serious issue raised by the defendants — the issue of whether damages on the fraud count are excessive. Our polestar is Mr. Justice Simpson's opinion inCarlisle v. Miller, 275 Ala. 440, 444, 155 So.2d 689, 692
(1963), in which he said the following:
 It is almost platitudinous to restate the guiding rules, but here they are: The verdict of a jury should not be interfered with merely because in the opinion of the court the jury gave too little or too much (Vest v. Gay, supra, [275 Ala. 286, 154 So.2d 297]; Airheart v. Green, 267 Ala. 689, 104 So.2d 687; Alabama Great Southern Ry. Co. v. Baum, 249 Ala. 442, 31 So.2d 366); and the authority vested in the courts to disturb a verdict of the jury on the ground of excessiveness is one which should be exercised with great caution. Airheart v. Green, id.; McLaney v. Turner, 267 Ala. 588, 104 So.2d 315; Louisville Nashville Ry. Co. v. Tucker, 262 Ala. 570, 80 So.2d 288, 298. Where, *Page 137 
as here, there is no set standard for the admeasurement of damages but the damages to be awarded are left to the sound discretion of the jury, a remittitur or a new trial should not be ordered on the ground of excessiveness of the jury's verdict except in those cases where the court can clearly see that the verdict has been reached on account of bias, passion, prejudice, corruption, or other improper motive or cause. Airheart v. Green, supra; Yarbrough v. Mallory, 225 Ala. 579, 144 So. 447. And only where the damages allowed are so excessive as to warrant the belief that the jury must have been misled by some mistaken view of the merits of the case should the court interfere and set the verdict aside (National Surety Co. v. Mabry, 139 Ala. 217, 35 So. 698); also, where the trial court refuses to grant a new trial because he does not believe the verdict is excessive the favorable presumption attending the jury's verdict is thereby strengthened. International Union, etc. v. Palmer, 267 Ala. 683, 104 So.2d 691; Birmingham Electric Co. v. Howard, 250 Ala. 421, 34 So.2d 830.
Suffice it to say that we are most reluctant to set aside a jury verdict awarding punitive damages in a fraud case. InRidout's-Brown Service, Inc. v. Holloway, 397 So.2d 125 (Ala. 1981), we allowed a judgment to stand in the amount of $220,000.00, where the custodian of a dead body misrepresented the condition of the dead body to the bereaved sister. We allow punitive damages, otherwise called "sweat money," in fraud cases in the interest of deterring the defendant and as an example to others who may have contemplated similar actions.Southern Life Health Ins. Co. v. Whitman, 358 So.2d 1025
(Ala. 1978); Old Southern Life Insurance Company v. Woodall,348 So.2d 1377 (Ala. 1977); Loch Ridge Construction Company,Inc. v. Barra, 291 Ala. 312, 280 So.2d 745 (1973). Nevertheless, applying the test of the Carlisle case to the facts of the instant case, we are of the opinion that the judgment of a million dollars against the corporate defendant, Old Southern Life Insurance Company, and F.G. Compton cannot stand. As an overseer court, we cannot allow our justice system to do injustice in the name of doing justice. Fortunately, we have an escape hatch on the appellate level in Code 1975, §12-22-71, which reads as follows:
 When an appeal is taken to the appropriate appellate court from the judgment of any court and the appellate court shall be of the opinion that the case should be reversed because the judgment of the lower court is excessive and that there is no other ground of reversal, the appellate court shall notify the appellee of the amount which it deems in excess of the just and proper amount of recovery and require the appellee, within a time to be stated in said notice, to remit such amount upon penalty of a reversal of the case. If the appellee does not, within the time stated in such notice or within such further time as may be granted by the court for good reason file a remittitur of such excessive amount, the appellate court shall reverse and remand the case; but, if the appellee shall file with the court a remittitur of the amount deemed excessive by the court, the appellate court shall reduce the amount of the judgment accordingly and shall affirm the case and enter a judgment for such reduced amount, which judgment so entered shall be and remain the judgment of the lower court and shall date back to the time of the entry or rendition of the judgment in the lower court.
Although we are of the opinion that the evidence below was sufficient to sustain a jury verdict in favor of the plaintiff on the fraud and contract count (as reduced) against the corporate defendant and F.G. Compton, we are not of the opinion that it is supportive of an award of a million dollars. Consequently, based on the authority of Code 1975, § 12-22-71, we affirm the judgment of the trial court on the fraud count conditioned upon appellee's filing with this court within 14 days of this opinion a remittitur in the amount of $750,000.00, affording plaintiff a judgment on the fraud count of $250,000.00. Furthermore, we affirm the judgment on the *Page 138 
contract count against the corporate defendant and F.G. Compton, conditioned, however, upon the appellee's filing with this court within 14 days of this opinion a remittitur in the amount of $500.00, thereby affording plaintiff a judgment in the amount of $2,202.80 on the contract count; otherwise, the judgment appealed, both on the contract as well as the fraud count, is reversed and the cause is remanded for a new trial. Judgment against Aspinwall and Epperson is reversed and rendered.
REVERSED AND RENDERED AS TO ASPINWALL AND EPPERSON.
AFFIRMED CONDITIONALLY AS TO THE CORPORATE DEFENDANT AND F.G. COMPTON ON THE FRAUD AND CONTRACT COUNTS.
TORBERT, C.J., and FAULKNER, JONES and EMBRY, JJ., concur.
[1] In accord, Morgan v. Embry, 17 Ala. App. 276, 85 So. 580
(1919); Lang v. Leith, 16 Ala. App. 295, 77 So. 445 (1917);Turnipseed v. Burton, 4 Ala. App. 612, 58 So. 959 (1912);Bessemer Liquor Co. v. Tillman, 139 Ala. 462, 36 So. 40 (1904).
 On Application for Rehearing