This appeal involves the priority of a creditor's security interest under Code 1975, § 7-9-313 (Acts 1965, No. 549, p. 811),[1] to chattel property which allegedly became a fixture to real property subject to a mortgage. Tom Hughes (plaintiff) commenced this action on July 22, 1980, against Coffee County Bank (defendant) in the Circuit Court for Coffee County. His complaint claims damages arising out of an allegedly unlawful removal of a mobile home located on property on which he held a mortgage. Plaintiff's case withstood defendant's motions for a directed verdict. The jury returned a plaintiff's verdict with an award of compensatory and punitive damages in the amounts of $7,500.00 and $10,000.00, respectively. The trial court entered judgment accordingly. From the denial of its motion for judgment notwithstanding the verdict, or alternatively for a new trial, defendant appealed.
The dispositive issue on this appeal is whether defendant's motion for a new trial was due to be granted. We hold that it should have been granted, and we reverse and remand.
The facts pertinent to this appeal are as follows. In October 1975, plaintiff sold a parcel of real property to Robert E. Kelley and Gayle L. Kelley. The Kelleys are not parties to plaintiff's action. At the time of the sale, the land had a building on it which the Kelleys used as a store and for living purposes. Plaintiff financed the sale for the Kelleys, who executed a note and mortgage to him on October 28, 1975. Plaintiff duly recorded the note and mortgage in the office of the Judge of Probate for Coffee County, Enterprise Division. Subsequently, in July 1976, the Kelleys purchased a 1973 model "Festival" mobile home to replace the existing mobile home located on the land. Defendant financed this purchase for *Page 833 
the Kelleys. They executed a promisory note and security agreement in favor of the defendant on July 21, 1976. Defendant paid the loan money directly to the mobile home dealer. Subsequently, it recorded a financing statement for the mobile home. The Kelleys placed the mobile home on the land next to the building. A covered walkway provided access from the mobile home to the building. The mobile home was placed on a concrete block foundation and connected to utilities.
The Kelleys eventually defaulted on this loan from defendant. Defendant sued them, obtained a judgment, and secured a writ of execution which authorized the seizure of the mobile home and other items of personal property. According to plaintiff's testimony, he informed defendant that he objected to its plan to seize and remove the mobile home. Defendant, allegedly, ignored plaintiff's objection and removed it with the help of the sheriff's department. They removed the mobile home from its foundation, disconnected the utilities, and transported it to property owned by defendant.
Plaintiff contends that his interest in the mobile home is superior to defendant's interest. He theorizes that as mortgagee, once the mobile home was placed on a foundation and connected to the existing building, it became a fixture. Plaintiff, considering the mobile home to be a fixture, insists that his interest in it has priority over defendant's. In his complaint, plaintiff claims various types of damages. He claims damages for physical injury to the mortgaged premises. In several counts plaintiff also claims, in effect, damages for diminution in the value of the mortgaged land due to the removal of the mobile home.
At trial, plaintiff testified, without objection, that the value of the mortgaged land before removal of the mobile home was $17,000.00-$18,000.00, and that afterward it was $10,000.00.
Defendant moved for a directed verdict, calling Code 1975, § 7-9-313, to the trial court's attention. In its motions, defendant argued that plaintiff failed to prove damages. We agree. Section 7-9-313, in pertinent part, provides:
 (2) A security interest which attaches to goods before they become fixtures takes priority as to the goods over the claims of all persons who have an interest in the real estate except as stated in subsection (4).
The Official Comment on § 7-9-313 states:
 3. When a security interest in the goods as chattels has attached before affixation, subsection (2) gives the secured party priority over all prior claims based on an interest in the realty. If the secured party perfects his interest by filing, which he may do in advance of affixation, he takes priority over subsequent realty claims as well. So long as he fails to perfect his interest he may, however, be subordinated to the subsequent claimants described in subsections (4)(a), (b) and (c). The last sentence of subsection (4) on purchasers at foreclosure sales clarifies a point on which prior decisions have been in conflict.
Under the undisputed facts, defendant's security interest attached before fixation.
We first observe that a security interest attaches where:
 there is agreement (subsection (3) of section 7-1-201) that it attach and value is given and the debtor has rights in the collateral. It attaches as soon as all of the events in the preceding sentence have taken place unless explicit agreement postpones the time of attaching.
Code 1975, § 7-9-204 (1). Under the facts of this case, defendant and the Kelleys executed an "agreement" within the meaning of § 7-1-201 (3), value was given, and the Kelleys acquired rights in the mobile home. It is undisputed that these events transpired prior to the time the mobile home allegedly became a fixture. Therefore, § 7-9-313 (2) became operative and gave priority to defendant's security interest *Page 834 
over any interest that plaintiff had acquired.[2]
Next, we observe that § 7-9-313 (5) addresses the measure of damages due to one who has an interest in real estate from which collateral is removed:
 When under subsections (2) or (3) and (4) a secured party has priority over the claims of all persons who have interests in the real estate, he may, on default, subject to the provisions of part 5, remove his collateral from the real estate but he must reimburse any encumbrancer or owner of the real estate who is not the debtor and who has not otherwise agreed for the cost of repair of any physical injury, but not for any diminution in value of the real estate caused by the absence of the goods removed or by any necessity for replacing them. A person entitled to reimbursement may refuse permission to remove until the secured party gives adequate security for the performance of this obligation. [Emphasis added.]
Applying the above-quoted statutory provisions, we conclude that plaintiff could not properly recover for diminution in the value of the mortgaged premises. Nevertheless, defendant's motions for a directed verdict were not due to be granted. Plaintiff, legitimately, also sought damages for alleged physical injury to the mortgaged premises. He testified to various destructions allegedly committed by defendant in its process of removing the mobile home. Under the language employed in § 7-9-313 (5), "the cost of repair of any physical injury" is compensable, and plaintiff could have been awarded such damages by the jury.
Although defendant could have requested a directed verdict as to those counts by which plaintiff sought recovery for diminution in value, it did not. Therefore, the following rule applies:
 [I]f a complaint has more than one count and the defendant believes that the evidence is not sufficient to support one or more of those counts, he must challenge this by motion for directed verdict, specifying the count which is not supported by evidence and detailing with specificity the grounds upon which the particular count is not supported by the evidence. If this is not done and all counts go to the jury and a general verdict is returned, the court will presume that the verdict was returned on a valid count.
Aspinwall v. Gowens, 405 So.2d 134 at 138 (Ala. 1981). Applying the rule, plaintiff's case was entitled to go to the jury because not all counts of his complaint sought recovery for diminution in value of the mortgaged premises. Nevertheless, if we refer the jury's general verdict to a valid count, a new trial still must be granted. Although plaintiff testified to physical damage which the defendant allegedly committed, plaintiff presented no evidence as to the cost of repair for the injuries he sustained. Thus, even referring the jury's verdict and award to a good count, we cannot affirm. The jury had no evidence before it upon which it could base an award for damages to which plaintiff was entitled under the applicable law. A new trial, therefore, is necessary.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.
[1] The dispute between the parties is governed by the above-cited 1965 version of § 7-9-313, which was in effect at the time of the incident complained of by plaintiff. The legislature effected a major revision to § 7-9-313 by Acts 1981, No. 81-312, p. 399. Our citations are to § 7-9-313 as contained in the former act.
[2] Neither party argues the application of § 7-9-313 (4), which would, if applicable, effect a different result. *Page 835