The Plaintiffs/Appellees filed a multiclaim complaint seeking damages for breach of contract, fraud, and bad faith in failing to pay contract benefits, all in a noninsurance context. At the conclusion of all the evidence, Defendant/Appellant moved for a directed verdict:
 "The [Defendant moves] the court for a directed verdict upon each of the following grounds. . . ."
One of the grounds listed was:
 "That the Plaintiffs have failed to prove a prima facie case of bad faith against the Defendant, Jerry W. Lawrence."
The trial judge overruled the motion and the jury returned a general verdict for Plaintiffs. Appellees insist that, as against a sufficiency of the evidence ground addressed to a general motion, a general verdict cannot be overturned, unless there is a lack of proof as to each of the stated claims. That is to say, where the motion for directed verdict is addressed to the complaint as a whole, and is denied, a verdict is referable to any claim supported by the evidence. Because Appellant presents no "sufficiency" challenge as to the breach of contract claim, say Appellees, this Court cannot review the fraud and bad faith claims on the insufficiency of the evidence ground.
If Appellant's motion was a general one and only addressed Plaintiffs' multi-claim complaint as a whole, then the Appellees would be correct. But we do not agree that Appellant's directed verdict motion, when considered along with the specific ground assigned, was a general motion.
Aspinwall v. Gowens, 405 So.2d 134 (Ala. 1981), establishes a two-pronged test for determining whether a motion for directed verdict addressed to a multi-claim complaint is a general motion or one which addresses each of the separate and several claims. Aspinwall says:
 "[I]f a complaint has more than one count and the defendant believes that the evidence is not sufficient to support one or more of those counts, he must challenge this by motion for directed verdict, specifying the count which is not supported by evidence and detailing with specificity the grounds upon which the particular count is not supported by the *Page 279 
evidence. If this is not done and all counts go to the jury and a general verdict is returned, the court will presume that the verdict was returned on a valid count. . . ." 405 So.2d at 138.
Admittedly, the motion in the instant case could have been worded more precisely to call to the court's attention the specific separate and several claims to which the motion was addressed. But our study of the record convinces us that the motion, along with the specificity of the ground assigned, meets the two-pronged test of Aspinwall, and that the trial court was not misled as to the nature of the motion or the intent of the movant.
This Court has recently rejected the tort of bad faith in noninsurance contexts. Dickey v. Alabama Farm Bureau MutualInsurance Co., [MS. Feb. 24, 1984] 447 So.2d 693 (Ala. 1984), and Kennedy Electric Co. v. Moore-Handley, Inc., 437 So.2d 76
(Ala. 1983). We reverse the judgment and remand this cause with instructions to the trial court to enter a judgment notwithstanding the verdict with respect to the bad faith claim and to conduct a new trial as to the remaining claims.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.