Marsha Williams appeals from an order vacating a judgment rendered in her favor and ordering a new trial. Ralph Collins Ford-Chrysler, Inc. ("Collins"), cross-appeals from the trial court's denial of its motion for judgment notwithstanding the verdict. We affirm.
The facts that led to these appeals, although disagreed upon in some areas, are basically undisputed. On August 19, 1985, Williams began negotiations with Collins for the purchase of a used pickup truck. As part of this transaction, Williams agreed to trade in a car that she owned. At the time these negotiations were taking place, Williams still owed an outstanding balance of $2,450.35 on her car. The parties allegedly agreed to include this payoff amount in the total amount financed by the retail installment contract for the purchase of the truck. However, this payoff amount, either intentionally or inadvertently, was omitted from the figures on the contract that Williams signed.
Soon after the contract was signed, this omission was "discovered," and Collins contacted Williams. Collins claimed that it was entitled to the additional amount of the omitted payoff balance, and requested that Williams execute a new contract evidencing this fact. Williams refused to sign the new contract and also refused to pay any of the additional amount claimed by Collins. Collins paid off the balance due on the car and made several attempts to obtain reimbursement from Williams. Finally, Collins filed suit in district court to recover the $2,450.35 from Williams.
While this suit was pending, Williams cancelled a service contract on the truck that she had purchased from Collins. As a result of this cancellation, Williams was entitled to a refund of over $600. Collins never made the refund to Williams but, at a later date, credited this amount to the balance Collins claimed Williams owed it.
Collins obtained a judgment in district court for the $2,450.35. Williams then appealed to the circuit court for a trial de novo and filed a counterclaim against Collins that, after subsequent amendments, included claims for conversion, fraud, negligent misrepresentation, negligent conversion, breach of contract, and interference with the proceeds of an insurance refund. Williams claimed that Collins, in addition to omitting the amount of the car payoff from the contract and failing to return the proceeds of the cancelled service contract, misled her into agreeing to an interest rate of 24% A.P.R. on the car loan when the prevailing bank rate for financing used cars at that time was under 15% A.P.R. The case *Page 966 
was tried before a jury and, after the trial court entered summary judgment in favor of Collins on the claim for conversion, the jury returned a verdict in favor of Williams in the amount of $25,000.
Following the entry of this judgment, Collins filed a motion for J.N.O.V. or, alternatively, for a new trial. The circuit court granted a new trial, conditioned on Williams's failing to accept a remittitur of the judgment in excess of $10,000 plus interest. Williams did not accept the remittitur and, upon the expiration of the time provided for by the trial court's order, the trial court granted a new trial and the judgment in favor of Williams was vacated. Williams appeals from the order granting a new trial, and Collins cross-appeals from the denial of its motion for J.N.O.V.
As a preliminary matter, we note that a trial court's granting of a new trial "will be reversed for abuse of discretion where on review it is easily perceivable from the record that the jury verdict is supported by the evidence."Jawad v. Granade, 497 So.2d 471, 477 (Ala. 1986). In the present appeal, we find that there was no abuse of discretion on the part of the trial court and, therefore, we affirm the order granting Collins a new trial.
An additional aspect of this appeal, however, focuses on the power of a trial court to order a remittitur or, in the alternative, a new trial when it finds that a jury verdict is excessive and the result of passion or bias. In Hammond v. Cityof Gadsden, 493 So.2d 1374 (Ala. 1986), this Court recognized that a jury verdict may be flawed because it resulted from bias, passion, prejudice, corruption, or other improper motive, and that, in a proper case, such a verdict may be reduced by the trial court. Here, the trial court, in ordering the remittitur, specifically stated that such passion or bias was present:
 "The court finds the jury verdict in this case to be excessive and the judicial conscience is quickened by the verdict. In this case the damages of the Defendant/Counterclaimant Williams were nominal in nature, with her suffering no actual damages so far as the court could determine from the testimony. Further, on more than one occasion during cross-examination by the attorney for Collins, the Defendant/Counterclaimant Williams began to cry during her testimony. On these occasions the court carefully observed the facial expressions and demeanor and manner of each of the jurors as they responded to these episodes. At these instances the court was concerned that the jurors were touched emotionally by these things and when the verdict in this case was returned, the court was convinced that the verdict was the result of sympathy and passion in favor of Mrs. Williams."
We find that the present situation is very similar to the one that was presented to this Court in Davison v. MobileInfirmary, 456 So.2d 14 (Ala. 1984), on remand, 518 So.2d 675
(Ala. 1986). In Davison, this Court initially remanded the case to the trial court for its reconsideration of its judgment in light of our opinion in Hammond, supra. On return to remand, this Court noted:
 "As this Court pointed out in Hammond, it is the trial court, and not the appellate court, that is peculiarly qualified to pass judgment on whether the verdict is the result of bias or prejudice — the primary reason for granting a new trial (or denying a new trial on the condition of remittitur) on the ground of excessiveness."
Davison, 518 So.2d at 678.
Although this Court retains the power to review the trial court's rulings in cases alleging bias or prejudice, under the facts of this case we feel compelled to defer to the trial judge's determination that the verdict was the product of sympathy and passion; therefore, we affirm the order granting a new trial because the remittitur was not accepted.
AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur. *Page 967