STEAGALL, Justice.
Plaintiff, Jesse Woodard, appeals from a summary judgment in favor of the defendant, Champion Insurance Company, on Woodard’s claim for damages based on an alleged bad faith refusal to pay an insurance claim.
The facts arise out of an automobile accident that occurred at approximately 5:30 *1027 a.m. on November 1, 1985. The only car involved in the accident was owned by Woodard, but was being operated by Cedric Gay without Woodard’s permission. Woodard’s insurance policy, issued by Champion Insurance, contained an endorsement providing that no coverage existed if the automobile was operated by a male person under 25 who resided in the same household as the insured. In particular, the C-103 endorsement stated:
“LIMITATION # 1
“EXCLUSION OF MALE DRIVERS UNDER AGE 25
“In consideration of the premium for which this policy is written it is understood and agreed that such coverage as is afforded by the policy shall be limited as follows:
“Such coverage as is afforded by the policy shall not apply and no insurance is provided under this policy while any automobile is: in the care, custody, and control, being driven, operated, manipulated, maintained, serviced, or used in any manner by a male person under the age twenty-five (25), who resides in the same household of the insured, or is employed as a chauffeur of the vehicle insured.”
Upon filing a claim for the damage sustained to his car, Woodard gave his own address as 3120 39th Avenue, Tuscaloosa, Alabama 35401. In reporting the accident, Woodard stated to the Champion Insurance representative that Gay was 22 years old and resided at 3120 39th Avenue, Tuscaloosa, Alabama 35401. Champion Insurance interviewed Gay, who stated that his address was 3120 39th Avenue, Tuscaloosa, Alabama 35401. On the basis of this information, Champion Insurance denied coverage, citing the C-103 endorsement.
On December 9, 1985, Woodard’s attorney wrote Champion Insurance and indicated that Woodard was prepared to offer “substantial proof” that Gay was not a resident of Woodard’s household. No further action was taken by Champion Insurance.
Woodard filed suit on June 12, 1987, alleging breach of contract and bad faith refusal to pay a claim. On November 18, 1988, Champion Insurance moved for summary judgment on both claims. In response, Woodard filed a brief and two affidavits. The two affidavits were those of Woodard and Gay. The affidavits offered, for the first time, “proof” that Gay was not a resident of Woodard’s household, as indicated in the letter of December 9, 1985, written by Woodard’s attorney. In his affidavit, Woodard stated:
“Mr. Gay was not and is not a resident of my household. He was my wife’s brother and would sometimes spend the night on the couch at our house. This happened most frequently on weekends, after Mr. Gay had been out drinking. At the time Mr. Gay wrecked my car, he was living with his mother whose address is 3314 68th Avenue, Tuscaloosa, Alabama. I was unsure of this address at the time I reported this accident to my insurance agent, and so I gave Mr. Gay’s address as being my address. Mr. Gay keeps no clothes or personal belongings at my house. He does not have a designated room there.”
Thereafter, the trial judge denied summary judgment as to the breach of contract claim, but entered summary judgment as to the bad faith claim. The judgment was made final pursuant to Rule 54(b), A.R. Civ.P.
The sole issue on appeal is whether the trial court erred in entering that summary judgment.
Woodard’s bad faith claim is unfounded. To establish a claim for bad faith refusal to pay a claim, Woodard must show:
“(a) an insurance contract between the parties and a breach thereof by the defendant;
“(b) an intentional refusal to pay the insured’s claim;
“(c) the absence of any reasonably legitimate or arguable reason for that refusal (the absence of a debatable reason);
“(d) the insurer’s actual knowledge of the absence of any legitimate or arguable reason;
*1028 “(e) if the intentional failure to determine the existence of a lawful basis is relied upon, the plaintiff must prove the insurer’s intentional failure to determine whether there is a legitimate or arguable reason to refuse to pay the claim.
“In short, the plaintiff must go beyond a mere showing of nonpayment and prove a bad faith nonpayment, a nonpayment without any reasonable ground for dispute. Or, stated differently, the plaintiff must show that the insurance company had no legal or factual defense to the insurance claim.
“The ‘debatable reason’ under (c) above means an arguable reason, one that is open to dispute or question. Webster’s Third New International Dictionary (1931) at 116. See Chavers [Chavers v. National Security Fire Ins. Co., 405 So.2d 1 (Ala.1981)] at 10; see also Embry, J., concurring on rehearing in Aspinwall v. Gowens, Ala., 405 So.2d 134 (1981).”
National Security Fire & Cos. Co. v. Bowen, 417 So.2d 179, 183 (Ala.1982).
Champion Insurance denied coverage based on the C-103 exclusion in its policy. It is undisputed that the information given Champion Insurance indicated that Gay lived at the same address as Woodard. It was not until coverage had been denied that Champion Insurance was given any indication that Gay did not reside at that address, and it was not until after this suit was filed that Champion Insurance received any “proof” to that effect.
It cannot be argued, and indeed Woodard does not argue, that the information before Champion Insurance at the time of denial was insufficient to establish at least an arguable or debatable reason for denying Woodard’s claim.
Woodard does argue, however, that this case falls into that “extraordinary” line of cases in which a question of fact is not fatal to a bad faith claim. Woodard argues that his claim is based on Champion Insurance’s alleged “intentional failure to determine whether or not there was any lawful basis for such refusal,” quoting Jones v. Alabama Farm Bureau Mutual Casualty Co., 507 So.2d 396, 399 (Ala.1986). In that case, this Court stated:
“ ‘The relevant question before the trier of fact would be whether a claim was properly investigated and whether the results of the investigation were subjected to a cognitive evaluation and review. Implicit in that test is the conclusion that the knowledge or reckless disregard of the lack of a legitimate or reasonable basis may be inferred and imputed to an insurance company when there is a reckless indifference to facts or to proof submitted by the insured....’ [Quoting Gulf Atlantic Life Insurance Co. v. Barnes, 405 So.2d 916, 924 (Ala.1981).]
[[Image here]]
“ ‘In the normal case in order for a plaintiff to make out a prima facie case of bad faith refusal to pay an insurance claim, the proof offered must shown that the plaintiff is entitled to a directed verdict on the contract claim and, thus, entitled to recover on the contract claim as a matter of law. Ordinarily, if the evidence produced by either side creates a fact issue with regard to the validity of the claim and, thus, the legitimacy of the denial thereof, the tort claim must fail and should not be submitted to the jury.’ [Quoting National Savings Life Insurance Co. v. Dutton, 419 So.2d 1357,1362 (Ala.1982).]
“Although the plaintiff's burden of proof in a bad faith action is great, it should not be insurmountable. Precluding a plaintiff’s bad faith action by application of the ‘directed verdict on the contract claim’ test when the disputed factual issue arises solely from a contradicted oral conversation between the insurer and the insured or a third person puts too onerous a burden on the plaintiff. Moreover, it would frustrate the purpose of the bad faith action by allowing an insurer simply to misrepresent the content of an oral conversation to avoid liability.”
507 So.2d at 399-401.
After a review of the facts in this case, we find that this case is not one of those *1029 “extraordinary” cases described in Jones, supra. Here, the evidence showed that, at the time Woodard’s claim was denied, Champion Insurance believed Gay resided at Woodard’s address. This evidence was uncontradicted.
We affirm the summary judgment on the basis that Champion Insurance had an arguable reason for denying Woodard’s claim and, based on the undisputed evidence, no obligation to conduct a further investigation of that claim.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and ADAMS, JJ., concur.