HOUSTON, Justice
(concurring specially).
The sole issue in this case is whether this Court should adopt the doctrine of comparative negligence in lieu of the doctrine of contributory negligence. Even if this Court were to do this and to apply the doctrine of comparative negligence retroactively (see Paul E. McGreal’s Back to the Future: The Supreme Court’s Retroactivity Jurisprudence, 15 HarvJ.L. & Pub. Pol’y 595 (Spring 1992)) to this case, Ford Motor Company, notwithstanding its reliance on a “bad defense” (contributory negligence would not be a defense if comparative negligence were to be retroactively adopted), would be entitled to have its judgment affirmed based on a “good defense,” i.e., the nonexistence of any initial legal liability. Ms. Gore did not file a directed verdict motion specifically addressed to the contributory negligence defense. There was a general verdict. Just as in cases in which a good count and a bad count are submitted to the jury (Aspinwall v. Gowens, 405 So.2d 134 (Ala.1981)), if no directed verdict motion specifically addressed the “bad defense,” a general verdict for the defendant will be presumed by *955 this Court to have been returned on the “good defense.”