I have wrestled with this case because I believe that in invalidating this will the jury probably relied upon a thought that the testatrix had been subjected to "undue influence," perhaps combined with a recognition that she had a weakened mental state. However, I cannot say with certainty that these thoughts entered the juror's minds and dictated their verdict. In light of this Court's previous decisions considering such questions as this case presents, I must rely upon the wisdom of our learned Justices who in the past concluded that cases like this should be remanded to determine the exact basis of the jury's decision. Where the defendant has challenged one or more counts of a multiple-count complaint by a motion for directed verdict and "yet good counts and bad counts go to the jury and the jury returns a general verdict, this Court cannot presume that the verdict was returned on a good count." South CentralBell Tel. Co. v. Branum, 568 So.2d 795, 798-99 (Ala. 1990); National Sec. Fire Cas. Co. v. Vintson, 454 So.2d 942 (Ala. 1984); Aspinwall v. Gowens, 405 So.2d 134 (Ala. 1981).
This line of cases leads me to only one conclusion. Because this Court does not have the ability to read the minds of the jurors, we should send cases like this back, with instructions to learn what the jurors were really thinking when they reached their verdict.