I join Justice Harwood in the dissenting portion of his special writing insofar as it addresses Part I ("Breach-of-Contract Claim") of the main opinion. Nonetheless, like Justice Harwood, but not necessarily on his rationale, I concur in the result of the main opinion insofar as it addresses Abston's claim for bad faith failure to pay. I agree that Auto-Owners was not guilty of bad faith.
I concur fully in the main opinion and its rationale insofar as it holds that all of Abston's fraud claims are barred by the statute of limitations. This rationale and holding compose Part II.A. of the main opinion. Because the statute of limitations bars Abston's fraud claims, I express no opinion about the merits of the fraud claims as discussed in Part II.B. and Part II.C. of the main opinion.
Finally, because Auto-Owners properly challenged the "bad counts" — fraud and bad faith failure to pay — and the trial court submitted them, together with the "good" contract count, to the jury and it rendered a general verdict, I agree that the judgment in favor of Abston must be reversed. South Cent. Bell Tel. Co. v. Branum, 568 So.2d 795
(Ala. 1990), and Aspinwall v. Gowens, 405 So.2d 134 (Ala. 1981). I respectfully dissent, however, from the decision to render judgment in favor of Auto-Owners. I respectfully submit that the case should be remanded for retrial on the contract count alone.