I respectfully dissent. The plaintiffs have proved all essential elements of their false-light-invasion-of-privacy claim, and the defendant does not argue the good-count-bad-count doctrine of Aspinwall v. Gowens, 405 So.2d 134 (Ala. 1981), as a basis for reversal. Accordingly, this Court should affirm the plaintiffs' judgment.
Virtually daily during the period when the defendant bank was stamping messages on the forged checks and returning them to the payees, the plaintiffs notified the defendant bank that first the bank itself and then the payees of the forged checks were treating the plaintiffs as though they had written the forged checks. All of the messages the defendant bank stamped on the forged checks were half-truths and therefore whole lies which placed the plaintiffs in the false light of being writers of bad checks. The defendant sent these stamped messages to the nearly 200 payees (mostly retail stores) of the forged checks. This dissemination was more than enough to constitute the "giving publicity" element of the false-light claim.
While I agree with the main opinion that the defendant's argument against the plaintiffs' intrusion-on-seclusion-invasion-of-privacy claim is moot, I do not agree that the reason for the mootness is that the claim was not submitted to the jury. The trial court did submit the intrusion-on-seclusion claim by mentioning the claim in the jury instructions as the trial court did. Whether this submission was erroneous for want of substantial evidence to support the claim or want of adequate instructions to explain the claim, however, is moot because the defendant does not argue to us that the submission of this claim to the jury infects the verdict with the uncertainty that the verdict is based on this claim, as a "bad count," instead of the false-light claim, as a "good count" and therefore that the submission of the intrusion-on-seclusion claim to the jury requires a reversal and retrial under the good-count-bad-count doctrine of Aspinwall, supra. *Page 248